IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HEATHER COGLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:12-cv-13545 |
| v. ) | |
| ) | **COMPLAINT** |
| WEBER & OLCESE, P.L.C. & ) | |
| MAIN STREET ACQUISITION CORP., ) | |
| ) | **Jury Trial Demanded** |
| Defendants. ) | |
| _____ ) | |

WEISBERG & MEYERS, LLC
Ronald S. Weiss (P48762)
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**Correspondence address**
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012

_____

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.	Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4.	Plaintiff, Heather Cogle ("Plaintiff"), is a natural person who at all relevant times resided in the State of Michigan, County of Isabella, and City of Shepherd.

5.	Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.	Defendant, Weber & Olcese, P.L.C. ("W&O") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.	W&O is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.	Defendant, Main Street Acquisition Corp. ("MSAC") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9.	MSAC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.	Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11.	Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the

money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

12. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with the collection of an alleged debt in default, W&O, itself and on behalf of MSAC, sent Plaintiff initial written communication dated December 11, 2012, regarding HSBC Bank Nevada account ending in 5777.  (December 11, 2012 Correspondence, attached hereto as Exhibit "A")

14. In its December 11, 2012 communication, W&O stated that the Total Amount Due was in the amount of $6,880.78.  (Exhibit "A").

15. In connection with the collection of an alleged debt in default, W&O, itself and on behalf of MSAC, sent Plaintiff written communication dated March 22, 2012, regarding HSBC Bank Nevada account ending in 5777.  (March 22, 2012 Correspondence, attached hereto as Exhibit "B")

16. In its March 22, 2012 communication, W&O stated in relevant part as follows:

>     Account # XXXXXXXXXXXX5777
>     Our File# XX-XXX630
>     Balance:  $7,095.23
>
> RE: HSBC BANK NEVADA NA     GM MASTERCARD
>
> Dear HEATHER COOPER:
>
> Please be advised our law office represents Main Street Acquisition Corp. As of the date of this letter, the current balance due is $7,095.23.

(Exhibit "B").

17. In its communication of March 22, 2012, W&O, itself and on behalf of MSAC, failed to inform Plaintiff that the alleged debt related to HSBC Bank Nevada account ending in 5777 would accrue interest.

18. Upon information and good faith belief, the alleged debt related to HSBC Bank Nevada account ending in 5777, at all times relevant, was accruing interest.

19. Therefore, W&O's communication of March 22, 2012, failed to meaningfully convey the amount of Plaintiff's alleged debt related to HSBC Bank Nevada account ending in 5777 to the least sophisticated consumer, and therefore, W&O, itself and on behalf of MSAC, failed to meaningfully convey the disclosure required pursuant to 15 U.S.C. § 1692g(a)(1).

20. W&O's written communication of March 22, 2012, was designed to confuse the least sophisticated consumer by causing the incorrect belief that HSBC Bank Nevada was the current creditor of the alleged debt.

21. Upon information and good faith belief, MSAC is the current creditor of

Plaintiff's alleged debt related to HSBC Bank Nevada account ending in 5777.

22. As such, W&O, itself and on behalf of MSAC, failed to meaningfully convey to Plaintiff the creditor to whom the debt is owed as required by 15 U.S.C. § 1692g(a)(2).

23. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I – W&O
## VIOLATION OF 15 U.S.C. § 1692g(a)

24. Plaintiff repeats and re-alleges each and every allegation contained above.

25. Defendant W&O violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt.

26. Defendant W&O violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey to Plaintiff the name of the creditor to whom the alleged debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant W& O violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II - MSAC
## VIOLATION OF 15 U.S.C. § 1692g(a)

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Defendant MSAC violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt.

29. Defendant MSAC violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey to Plaintiff the name of the creditor to whom the alleged debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant MSAC violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

30. Plaintiff is entitled to and hereby demands a trial by jury.

This 10th day of August, 2012

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
Michigan Bar No. P48762
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*