IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| HEATHER COGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:12-CV-13545 |
| v. | ) | |
| | ) | **PLAINTIFF'S MOTION FOR** |
| WEBER & OLCESE, P.L.C. & | ) | **ATTORNEYS FEES AND** |
| MAIN STREET ACQUISITION CORP., | ) | **COSTS.** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

WEISBERG & MEYERS, LLC
Ronald S. Weiss (P48762)
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**Correspondence address**
Weisberg & Meyers, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012

___

Plaintiff, Heather Cogle ("Plaintiff"), files her motion for attorneys' fees and costs against Defendant, Weber & Olcese, P.L.C. ("Defendant").

**Introduction and Statement of Issues**

Per the terms of the offer of judgment, Plaintiff is the prevailing party, and the remaining issue is the recovery of attorneys' fees and costs by Plaintiff pursuant to the fee-shifting provision included in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k.   Since accepting the offer of judgment, Plaintiff has attempted to

1

settle the issue of attorneys' fees and costs.  However, Defendant has failed to *meaningfully* participate in settlement negotiations, arguing that Plaintiff is not entitled to an award of fees incurred after the filing of the offer of judgment.  Plaintiff now respectfully requests an award of $5,406.50 for the attorneys' fees and cost incurred in this matter.

In considering her request, this Court need address two straightforward issues:

1. The FDCPA mandates an award of reasonable attorneys' fees to a successful consumer-plaintiff based on "the product of reasonable hours times a reasonable rate"—the lodestar calculation. Given that Plaintiff's attorneys present sufficient evidence to support their time entries and rates, is Plaintiff entitled to the lodestar amount of $4,906.50 as compensation for attorneys' fees incurred in connection with the diligent and successful prosecution of her claims?

2. The FDCPA mandates an award of reasonable attorneys' fees for work reasonably found necessary—nothing less, and nothing more. To that end, courts across the country continuously award attorneys' fees incurred during litigating the fee issue. After this Court entered final judgment in Plaintiff's favor, Plaintiff's attorneys expended a significant amount of time in first attempting to settle the issue of attorneys' fees and costs and then preparing this instant motion for attorneys' fees and costs.  Given that Plaintiff's attorneys *necessarily* incurred this additional time, is Plaintiff entitled to recover for that time?

**Statement of Procedure**

On August 10, 2012, Plaintiff filed her complaint against Defendant, alleging violations of the FDCPA.  (Doc. 1).  On September 28, 2012, Defendant answered.  (Doc. 14).  On October 1, 2012, Defendant served Plaintiff with an offer of judgment—offering judgment to be entered against Defendant in the amount of $1,001.00 plus reasonable attorneys' fees and costs.  (Doc. 19-1).  On October 15, 2012, Plaintiff accepted the offer

of judgment. (Doc. 19). On January 18, 2013, this Court ordered the parties to submit cross-motions for attorneys' fees and cost by February 8, 2013. (Doc. 22).

## Statement of Settlement Efforts

On May 16, 2013—well before filing her complaint against Defendant—Plaintiff sent written notice of her dispute to Defendant. (Correspondence, attached as Exhibit A). On June 12, 2012, Plaintiff again sent Defendant a follow-up correspondence. (Correspondence, attached as Exhibit B). Because Defendant did not respond, Plaintiff filed this complaint on August 10, 2012. (Doc. 1). On October 1, 2012, Defendant served Plaintiff with an offer of judgment in amount of $1,001.00 for damages plus Plaintiff's reasonable costs and attorneys' fees. (See Doc. 19-1). On October 15, 2012, Plaintiff filed her notice of acceptance of Defendant's offer of judgment. (Doc. 19).

On October 23, 2012, Plaintiff made her initial offer to settle the issue of attorneys' fees and costs. (Correspondence, attached as Exhibit C). On October 25, 2012, Defendant questioned the amount of attorneys' fees and costs, but did not make a counter offer. (Correspondence, attached as Exhibit D). Plaintiff then asked Defendant to make a counter offer. (Correspondence, attached as Exhibit E). On November 9, 2012, Plaintiff again requested a counter offer. (Correspondence, attached as Exhibit F). Defendant responded by requesting the time records of Plaintiff's attorneys. (Correspondence, attached as Exhibit G).

On December 17, 2012, Plaintiff yet again requested a counter offer. (Correspondence, attached as Exhibit H). On December 19, 2012, Plaintiff called Defendant and agreed to disclose the time records of Plaintiff's attorneys. (Declaration of Robert John Lamb, attached as Exhibit I). Thereafter, Plaintiff sent Defendant the time records. (Correspondence, attached as Exhibit J). At that time, even though Defendant had yet to make one fee offer, Plaintiff lowered her fee demand in an effort to jump start settlement negotiations. (Exhibit J). In response, on December 21, 2012, after almost two months of negotiations on the fee issue, Defendant made its first and only fee demand of $1,499.00. (Correspondence, attached as Exhibit K). Plaintiff rejected this offer. (Correspondence, attached as Exhibit L).

On January 18, 2013, the parties participated in a status conference before this Court, at which point the Court entered an order requiring cross-motion for attorneys' fees and costs by February 8, 2013. (Doc. 22). Plaintiff now moves this Court for an award of attorneys' fees and costs in the amount of $5,406.50.

## Argument

### A. The FDCPA mandates an award of attorneys' fees to a successful consumer-plaintiff.

A successful FDCPA plaintiff is entitled to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a) (emphasis added). Every circuit court of appeals to consider the FDCPA's fee-shifting provision has held that an award of attorneys' fees to a successful consumer-

plaintiff is mandatory. *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989); *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995); *French v. Corporate Receivables, Inc.*, 489 F.3d 402, 403 (1st Cir. 2007); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

### B. Defendant's "incurred to date" language in the offer of judgment is not binding.

An offer of judgment may not "implicitly or explicitly" exclude attorneys' fees or costs. *Marek v. Chesny*, 473 U.S. 1, 6 (1985). A Rule 68 offer of judgment consists of two components: "(i) the substantive relief proposed, which may be a sum of money. . . and (ii) costs, including a reasonable attorney's fee." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 365 (1981) (Powell, J., concurring). "The offer should specify the first component with exactitude. But *the amount of the fee is within the discretion of the court* if the offer is accepted." *Id.* Accordingly, this Court has full discretion to determine the amount of attorneys' fees. In fact, a finding that defendants may unilaterally set a deadline for reasonable attorneys' fees will inevitably lead to more plaintiffs needlessly rejecting offers of judgment—resulting in needless litigation.

Moreover, under the FDCPA, while a Rule 68 offer of judgment may limit the costs awarded to those accrued as of the date of the offer, it may not so limit the amount of attorneys' fees awarded. In *Marek v. Chesny*, the Supreme "Court held that 'costs' include attorney's fees only if fees are defined as costs under the relevant substantive

5

statute or authority upon which the suit is premised." *Minnick v. Dollar Fin. Group, Inc.*, 2002 WL 1023101, at *2 (E.D. Pa. May 20, 2002) (citing *Marek v. Chesny*, 473 U.S. 1, 9 (1985)). In *Marek*, the relevant statute was the Civil Rights Attorney's Fees Awards Act, in which Congress expressly included attorneys' fees "as part of the costs." 473 U.S. at 9 (citing 42 U.S.C. § 1988). Conversely, "[t]he FDCPA, which is at issue here, distinguishes costs from attorney's fees; therefore, such fees are not subject to the cost-shifting provision of Rule 68 and reliance thereupon is misplaced." *Andrews v. Prof'l Bureau of Collections of Maryland, Inc.*, 2010 WL 4520907, at *2 (M.D. Pa. Nov. 9, 2010) (citing 15 U.S.C. § 1692k(a)(3), and *Marek*, 473 U.S. at 9); *see also Scheiff v. Beck*, 452 F. Supp. 1254, 1260 (D.C. 1978).

### C. A finding that a defendant may unilaterally set a deadline for attorneys' fees chills the effectiveness of the FDCPA.

"In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Tolentino*, 46 F.3d at 645. That "commensurate" fee is best measured by "what that attorney could earn from paying clients" at a "standard hourly rate." *Id.* Paying counsel less—or, in other words, limiting the recoverable time—"is inconsistent with the Congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Id.*

Allowing a defendant to unilaterally deadline attorneys' fees will undoubtedly chill the effectiveness of the FDCPA. Under Defendant's logic, a FDCPA defendant

6

should file an offer of judgment early in litigation with this "incurred to date" language; then either decline to participate or decline to *meaningfully* participate (as has occurred here) in settlement negotiations, therefore requiring plaintiff's attorneys to expend time litigating the fee issue, which (under Defendant's logic) would not be recoverable. In the end, the rates of plaintiffs' attorneys would be so diluted that FDCPA cases will no longer attract competent attorneys—thereby chilling the effectiveness of the FDCPA. *See Prandini v. National Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978) ("If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours will be correspondingly decreased. Recognizing this fact, attorneys may become wary about taking. . . cases for which attorneys' fees are statutorily authorized."); *see also Burchett v. Bower*, 470 F. Supp. 1170, 1173 (D. Ariz. 1979).

To avoid this chilling effect, many federal district courts award attorneys' fees and costs for time spent litigating the issue of attorneys' fees. *See, e.g.*, *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 336 (5th Cir. 1995); *Hairston v. R&R Apartments*, 510 F.2d 1090, 1093 (7th Cir. 1975) ("…if no fees are awarded, the burden of the costs is placed on the organization providing the services, and it correspondingly may decline to bring such suits and decide to concentrate its limited resources elsewhere, thereby curtailing the forceful application of the Act that Congress sought"); *Brandenburger v. Thompson*, 494 F.2d 885 (9th Cir. 1974); *Miller v. Amusement Enterprises, Inc.*, 426 F.2d 534 (5th Cir. 1970); *see also Burchett v. Bower*, 470 F. Supp. 1170, 1173 (D. Ariz. 1979)

7

("[T]ime spent in preparing and litigating the fees petition should be compensated accordingly.").

### D. Plaintiff's request for $4,906.50, exclusive of costs—a product of the hours that her attorneys (and paralegals) incurred litigating her claims, multiplied by their hourly rate—is reasonable.

The "lodestar amount" is "the product of reasonable hours times a reasonable rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 547 (1986), *supplemented*, 483 U.S. 711 (1987). There is "a 'strong presumption' that the lodestar represents the 'reasonable' fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

#### 1. The number of hours that Plaintiff's attorneys spent litigating her claims is reasonable.

Reasonable hours are those "reasonably necessary to perform the legal services for which compensation is sought." *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. at 553. "It is perfectly proper to award attorney's fees based solely on affidavits in the record." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citing *Mesa Petroleum Company v. Coniglio*, 629 F.2d 1022, 1030 (5th. Cir. 1980)).

Here, Plaintiff's attorneys are seeking compensation for 23.3[1] hours of attorney,[2] law clerk, and paralegal time at hourly rates ranging from $135.00 per hour to $335.00 per hour. (See Statements of Services, attached as Exhibit M). After reviewing each

---

[1] Plaintiff have exercised billing discretion and waived a significant portion of actual time spent on this matter.
[2] The work of out-of-state attorney is properly compensable. *See Lentz v. City of Cleveland*, No. 1:04 CV 669, 2011 WL 5360141, at *11 (N.D. Ohio Nov. 7, 2011).

8

itemized time entry included in Plaintiff's attorneys' statement of services, each of her attorneys attest that that the actual time he or she spent litigating Plaintiff's claims was necessary and reasonable. (Declarations of Weisberg & Meyers professionals, attached as Exhibit N); (Exhibit M).

### 2. Plaintiff's attorneys' hourly rates are reasonable.

"Reasonable fees" are "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Plaintiff's attorneys' reasonable hourly rates are: Marshall Meyers—$335; Aaron Radbil—$335; Craig Ehrlich—$335; Ron Weiss—$300; Robert J. Lamb—$175; Andrea Crawford—$175; Jose Gill—$175; Venus Booth—$175. These attorney hourly rates were determined by the experience of each attorney. (Firm Resume, attached as Exhibit O); (Exhibit M). The reasonable hourly rate for Plaintiff's attorneys' paralegals and law clerks is $135.

### i. Plaintiff's attorneys' average hourly rate is supported by the Sixth Circuit.

The Sixth Circuit has approved rates of at least $300.00 per hour for experienced attorneys who were experts in the field of consumer protection law. *Dowling v. Litton Loan Servicing, L.P.*, 320 Fed. Appx. 442 (6th Cir. 2009) ($300 hourly rate fell within range of reasonableness for litigators of counsel's skill level and experience).

### ii. Plaintiff's attorneys' average hourly rate is less than the average rate charged by Michigan attorneys' practicing consumer protection law.

A survey was conducted of consumer advocates across the country to determine the rates charged by attorneys practicing in the area of consumer protection, grouped by

"attorney's years in practice, location of practice, and size of firm." (See 2011 Consumer Law Attorney Fee Survey, attached as Exhibit P). The average billing rate for firms with more than 5 attorneys in Michigan is $381 per hour—well below the rates sought by Plaintiff's attorneys. (Exhibit P p. 21).

### iii. Plaintiff's attorneys' hourly rates are in line with the Laffey Matrix.

The Civil Division of the United States Attorney's Office for the District of Columbia created the Laffey Matrix to track hourly rates for attorneys of varying experience levels, as well as paralegals and law clerks, to be used in cases in which "fee-shifting" provisions permit prevailing parties to recover "reasonable" attorney's fees. The Laffey Matrix is based on the hourly rates allowed by the district court in *Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983). Plaintiff's attorneys' hourly rates are less than the Laffey Matrix. (Laffey Matrix, attached as Exhibit Q).

### iv. Defendant has the burden to present evidence contesting Plaintiff's attorneys' reasonable rates.

"A party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989) (awarding $5,500,000 in fees on $3 recovery). The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. *See, e.g.*, *United States Football League*, 887 F.2d at 413; *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992) (fee opponent must submit

10

evidence). "[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant." *Brinker v. Giuffrida*, 798 F.2d 661 (3d Cir. 1986).

### E. Plaintiff requests reimbursement for costs expended.

Plaintiff seeks $500.00 in litigation costs incurred in relation to this matter. (See Bill of Costs, attached as Exhibit R).

### Conclusion

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order awarding Plaintiff attorneys' fees in the amount of $4,906.50 and costs in the amount of $500.00.

This 8th day of February, 2013

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
Michigan Bar No. P48762
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

11

## CERTIFICATE OF SERVICE

I hereby certify that on February 8. 2013, the foregoing document was electronically filed with the clerk of the U.S. District Court for the Eastern District of Michigan, using CM/ECF, which shall send notification of such filing to the following:

Charity A. Olson
Attorney for Defendant
106 East Liberty, Suite 303
Ann Arbor, MI 48104

                                                        /s/ Ronald S. Weiss
                                                        Ronald S. Weiss