UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEATHER COGLE,

    *Plaintiff*,

v.

WEBER & OLCESE, P.L.C.,

    *Defendant*.

CIVIL NO. 12-CV-13545

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**
(Doc. 24)

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion for Attorney Fees and Costs be **GRANTED in PART** and that Plaintiff be awarded a total amount of **$2,427.13**, which represents 8.2 hours of attorney and paralegal time and $500.00 in costs.

## II.  REPORT

### A.  Introduction

Pursuant to an order of reference from United States District Judge Thomas L. Ludington under 28 U.S.C. § 636(b)(1)(A),[1] pending is Plaintiff's Motion for Attorney Fees and Costs pursuant to the fee-shifting provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k.

---

[1] A magistrate judge may not hear and determine a post-judgment motion for fees under 28 U.S.C. § 636(b)(1)(A), because it is not a "pretrial matter," and it is considered "dispositive of a claim." Therefore, a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) is necessary. *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

Attorney Ronald Weiss and other members of his firm represented Plaintiff throughout the pendency of this case. Plaintiff's counsel filed the case on August 10, 2012, alleging that two defendants violated the FDCPA. On October 15, 2012, Plaintiff filed a Notice of Acceptance of Offer of Judgment between Plaintiff and Defendant Weber & Olcese, P.L.C. The acceptance expressly stated that the "issue of attorney fees and court costs remains pending as does the claim against Main Street Acquisition." (Doc. 19 at Ex. A.)

On January 7, 2012, a stipulated order to dismiss Main Street Acquisition Corp. was filed. (Doc. 20.) The order expressly stated that the dismissal was "with prejudice and without fees or costs to either party." (Doc. 20 at 1.)

Plaintiff now moves for attorney fees and costs in the amount of $5,406.50. (Doc. 24 at 2.) Defendant Weber & Olcese ("Defendant") responds that the amount requested is unreasonable and should be "drastically reduced" in light of the nominal amount of damages and because the request includes "non-recoverable time entries allegedly incurred both before and after October 1, 2012, in clear contravention of the Offer." (Doc. 26 at 1-2.)

### B.    FDCPA Standards

In a successful FDCPA case, a plaintiff's counsel may seek "the cost of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The statute provides that the "court shall consider, among other relevant factors[,]" the "frequency and persistence of noncompliance by the debt collector, the nature of such non-compliance, and the extent to which such noncompliance was intentional[.]" 15 U.S.C. § 1692k(b)(1).

Determination of a reasonable fee begins with calculating the product of a "reasonable hourly rate," *Hensley v. Eckerhart*, 461 U.S. 424, 433, 104 S. Ct. 1933, 76 L. Ed. 2d 40 (1983),

and "the number of hours reasonably expended on the litigation," i.e., the "so-called lodestar amount[.]" *Garner v. Cuyahoga County Juvenile Ct.*, 554 F.3d 624, 642 (6th Cir. 2009). The Supreme Court has provided twelve factors to be considered when determining or adjusting from the lodestar amount:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

A reasonable fee is "one that is adequate to attract competent counsel but [does] not produce windfalls to attorneys." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995). "A request for attorney fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. Courts should be mindful of cases in which attorney fees are "the engine . . . powering the case," *Carroll v. United Compucred Collections, Inc.*, No. 1:99-00152, 2008 WL 3001595, at *4, n.4 (M.D. Tenn. July 31, 2008), and the "fee petition tail should not be allowed to wag the dog." *Career Agents Network v. careeragentsnetwork.biz*, 722 F. Supp. 2d 814, 825 (E.D. Mich. 2010). Determining a reasonable rate requires that the court use the prevailing market rates in the local community, i.e., the venue in which the court sits. *Missouri v. Jenkins*, 491 U.S. 274, 285-86, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989).

"Cases may be overstaffed" and it is a plaintiff's burden to document "the appropriate hours expended" so that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433, 437. "[P]urely clerical or secretarial tasks should

not be billed" under fee shifting statutes such as the FDCPA, "regardless of who performs them." *Jenkins,* 491 U.S. at 188, n.10. However, paralegal fees are included in the concept of attorney fees. *Northcross v. Board of Ed. of Memphis City Shcools*, 611 F.2d 624, 639 (6th Cir. 1979) (cited with approval in *Atallah v. Law office of Timothy E. Baxter, P.C.*, No. 12-cv-11618, 2013 WL 866477, at *4 (E.D. Mich. Mar. 7, 2013)). In addition, when an Offer of Judgment offers to compensate for fees incurred only through the date of the offer, only fees incurred through that date are compensable. *Atallah*, at *4.

When parties litigate the issue of attorney fees, the additional fees generated by that litigation are termed "fees for fees." *Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 502 (6th Cir. 2006). These "fees for fees" are recoverable but should only be awarded in accord with the limitations provided by the Sixth Circuit:

> In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary. Such guidelines and limitations are necessary to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation.

*Coulter v. Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986)*.*

### C.   Analysis

In the instant case, Plaintiff requests $500 in costs and fees for litigating the motion for attorney fees as well as $4,906.50 in costs and fees for litigating the main case. (Doc. 24 at 11.) At the outset, Section 1692k(a)(3) allows Plaintiff to recover costs, therefore I suggest that the $500.00 of documented costs should be granted.

As for the lodestar amounts, under the standards above, and after review of the exhibits, I see no principled reason to depart from the amounts proposed by Plaintiff.

4

As for attorney fees, Plaintiff seeks recovery for 23.3 hours of time expended by a total of 16 attorneys, paralegals, law clerks and a legal assistant at rates that range from $100.00 per hour to $330.00 per hour. *See* Doc. 24 at Ex. J. It is noted that both attorneys and paralegals have indicated that they are waiving some of the time they state they have expended on this case. (Doc. 24 at Exs. I, N, R). All but three of the paralegals, law clerks and the legal assistants indicate that they devoted one or more hours to the processing of this case. Attorneys Meyers, Weiss and Lamb list a collective 16.8 hours expended on this case. (Doc. 24 at Ex. J.) It is to them that I turn my primary attention.

Reviewing the time expended by Attorneys Meyers, Weiss and Lamb, along with the paralegal staff, under the *Hensley* standards, I first suggest that the case is not particularly complex, and did not appear to require the highest level of counsel's professional expertise. Moreover, Defendant's Offer of Judgment was accepted early in the proceedings – hardly a month after the filing of an Answer and Affirmative Defenses. (Docs. 17, 19). Although Plaintiff prevailed, the judgment amount is small. While I have no doubt as to the experience and ability of Plaintiff's counsel, their relationship with their client does not appear to be a lengthy one. Finally, as to Defendant's argument that no fees should be awarded for time expended after the acceptance of the offer of judgment, I conclude that under *Coulter,* 3% should be added for time expended after Plaintiff's acceptance of the Offer of Judgment.

Accordingly, after considering the *Hensley* standards applied to the circumstances of this case, I suggest that Plaintiff's counsel be compensated as follows:

| ATTORNEY | RATE | HOURS ALLOWED | TOTAL |
|---|---|---|---|
| **Pre-Judgment Time Allowed** | | | |
| Marshall Meyers | $335.00 | 1.2 | $402.00 |
| Aaron Radbil | $335.00 | 0.1 | $33.50 |
| Craig Ehrlich | $335.00 | 0.2 | $67.00 |
| Ron Weiss | $300.00 | 1.0 | $300.00 |
| Robert J. Lamb | $175.00 | 1.5 | $262.50 |
| Andrea Crawford | $175.00 | 0.6 | $105.00 |
| Jose Gill | $175.00 | 0.6 | $105.00 |
| Venus Booth | $175.00 | 1.4 | $245.00 |
| Todd Glenn, Law Clerk | $135.00 | 0.1 | $13.50 |
| Tremain Davis, Paralegal | $135.00 | 0.5 | $67.50 |
| Melissa Norton, Paralegal | $135.00 | 0.5 | $67.50 |
| Cathy Bopp, Paralegal | $135.00 | 0.1 | $13.50 |
| Tara St. Angelo, Paralegal | $135.00 | 1.0 | $135.00 |
| Lydia Bultemeyer, Paralegal | $135.00 | 0.4 | $54.00 |
| **Total Pre-Judgment Fees Allowed** | | 8.2 | **$1,871.00** |
| **Post-Judgment Fees Allowed (3%)** | | | 56.13 |
| **Total Attorney Fees Allowed:** | | | **$1,927.13** |
| Costs Allowed | | | $500.00 |
| **TOTAL:** | | | **$2,427.13** |

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d

6

947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this report and recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                        s/ Charles E Binder
                                                        CHARLES E. BINDER
Dated: May 6, 2013                                    United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this order was electronically filed this date and electronically served on the attorneys of record via the Court's ECF System.

Date: May 6, 2013          By    s/Patricia T. Morris
                                                   Law Clerk to Magistrate Judge Binder